NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3634
_____

W.R. HUFF ASSET MANAGEMENT CO, L.L.C.;
KATO-SAN CORP.; DBC 1 CORP.,

Appellants

v.

THE WILLIAM SOROKA 1989 TRUST; KAYE
WOLTMAN, as Successor Trustee to the William
Soroka 1989 Trust and Executor of the Estate
of William Soroka; THE WILLIAM SOROKA
CHARITABLE TRUST; JOHN DOE TRUSTEES
OF THE WILLIAM SOROKA CHARITABLE TRUST;
THE WILLIAM SOROKA ADMINISTRATIVE TRUST;
JOHN DOE TRUSTEES OF THE WILLIAM SOROKA
ADMINISTRATIVE TRUST,
_____

On Appeal from the United States District Court
For the District of New Jersey
(D.C. No. 04-cv-03093)
District Judge: Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit L.A.R. 34.1(a),
October 6, 2010

BEFORE: FUENTES, JORDAN and ALDISERT, Circuit Judges

(Opinion Filed: October 28, 2010)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

1

In 1984 William Soroka ("Soroka") and several other investors gave William Huff money in return for an ownership stake in a limited partnership called W.R. Huff Asset Management ("Huff"). The general and limited partners of Huff intended to create a closed arrangement limited to friends and family. Accordingly, the 1984 partnership agreement, amended when the partnership converted to a limited liability company in 1994, contains several provisions designed to limit members' ability to transfer their interests. The parties dispute the meaning and effect of these provisions.

After a three-day bench trial, the District Court entered judgment in favor of Appellees—the executor of Soroka's estate, and the trusts Soroka created and their trustees. Later, in a separate opinion and order, the District Court granted Appellees' Motion to Amend Judgment to Include Prejudgment Interest. Huff and its two general managers, Kato-San Corporation and DBC I Corporation, appeal from both decisions.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. On the appeal of a bench trial, we review a district court's findings of fact for clear error and its conclusions of law *de novo*. *McCutcheon v. America's Servicing Co.*, 560 F.3d 143, 147 (3d Cir. 2009). We review the District Court's grant of equitable relief under an abuse of discretion standard. *See James v. Richman*, 547 F.3d 214, 217 (3d Cir. 2008); *Commodity Futures Trading Comm'n v. Am. Metals Exch. Corp.*, 991 F.2d 71, 76 (3d Cir. 1993).

Huff asserts that the District Court erred in four primary respects: (1) it erroneously concluded that the only way to remedy the breach that occurred when Soroka attempted to transfer his interest was to void the attempted transfer; (2) its interpretation

2

of the partnership agreement failed to acknowledge that Soroka's attempted transfer triggered Huff's right to redeem his interest; (3) it was wrong to conclude that the partnership agreement created a special post-mortem status in which Soroka's interest was not transferred upon his death, but instead controlled by his executor; and (4) it erroneously granted Appellees' Motion to Amend Judgment to Include Prejudgment Interest.

After a careful review of the record and the parties' arguments, we find no basis for disturbing either of the District Court's opinions. The District Court's decisions properly put the parties in exactly the position they would have been in had Soroka not unsuccessfully attempted to transfer his interest to a charitable trust.[1] Therefore, we will affirm the amended judgment for the same reasons set forth in the record.

---

[1] For ownership of Soroka's interest in Huff to have been transferred, the requirements of §§ 8.1(B), 8.2(A), and 8.3(D) must have been met. Those requirements clearly were not met at anytime—in 1999, upon Soroka's death, or after his death. So no valid transfer of Soroka's interest ever occurred.

3